UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
LORIANN RECCA,                                                :
                                        Plaintiff,            :
                                                              :       15 Civ. 07667 (LGS)
                -against-                                     ::
                                                              :       OPINION AND ORDER
ASSET MAXIMIZATION GROUP, INC.,                               :
                                        Defendant.            :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/31/2016

LORNA G. SCHOFIELD, District Judge:

Plaintiff seeks an award of attorneys' fees and costs of $7,374.08 on behalf of her attorneys, Barshay Sanders, PLLC ("Barshay Sanders"), in this case alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. For the following reasons, Barshay Sanders is awarded $4,781.58.

**I. BACKGROUND**

On September 29, 2015, Plaintiff Loriann Recca commenced this action against Asset Maximization Group, Inc., a debt collection agency, alleging violation of the FDCPA for misrepresenting the use of a convenience fee in its attempt to collect Ms. Recca's debt. On November 9, 2015, before filing an Answer and before the initial court conference, Defendant made a Rule 68 offer of judgment. On November 12, 2015, Plaintiff accepted the offer. Judgment was entered awarding Plaintiff "$1,001 together with costs and attorney fees in the amount to be set by the court."

On December 1, 2015, Plaintiff filed the instant motion seeking (1) fees of $6,887.50 for 13.1 hours of work at a rate of $525 per hour and (2) costs of $496.58 representing the filing fee,

service fee and postage, for a total of $7,374.08.  Defendant opposes the requested fees, alleging that both the rate and hours are excessive, and takes no position on the requested costs.

## II. LEGAL STANDARD

The FDCPA allows for the collection of reasonable attorneys' fees in any successful action.  15 U.S.C. § 1682k(a)(3).  "Where a plaintiff prevails, whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorneys' fees in amounts to be fixed in the discretion of the court."  *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) (citations omitted); *see also Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) (citing *Savino* as precedent for the rule that a successful FDCPA plaintiff is presumptively entitled to an award of reasonable attorneys' fees).  The movant bears the burden of submitting evidence sufficient to support the hours worked and the rates claimed.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours."  *Jara v. P.N. Financial, Inc.*, No. 10 Civ. 6274, 2014 WL 4388515, at *7 (S.D.N.Y Sept. 4, 2014) (citing *In re Agent Orange Prods. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)).

In determining attorneys' fees, a court must first calculate the "'presumptively reasonable fee,' generally referred to as the 'lodestar.'"  *Kovach v. City Univ. of N.Y.*, No. 13 Civ. 7198, 2015 WL 5827414, at *1 (S.D.N.Y. Oct. 6, 2015) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008)).  The lodestar is the "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (quoting *Hensley*, 461 U.S. at

433).  A reasonable hourly rate is a rate commonly charged by attorneys for similar work in the district in which the court sits.  *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).  It is for the court "in exercising its considerable discretion, to bear in mind all of the case-specific variables . . . as relevant to the reasonableness of attorneys' fees in setting a reasonable hourly rate."  *Id.*

In determining whether the amount of hours billed is reasonable, "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'"  *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).  "The relevant issue [is] . . . whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992) (*Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)).

### III. DISCUSSION

#### A. Hourly Rate

Plaintiff's counsel's hourly rate of $525 is reduced to $350.  This case is a FDCPA matter that settled almost immediately after the Complaint was filed.  The prevailing market rate for this type of case applies.  *See In re Arbitration Between Okyere & Houslanger & Assocs., PLLC*, No. 12 Civ. 01463, 2015 WL 4366865, at *14 (S.D.N.Y. May 28, 2015) ("The factors in favor of rates at the lower end of the spectrum include that the case did not present any unusually complicated factual or legal issues, should not have taken considerable time and effort or precluded pursuing other cases, [and] did not require any extraordinary marshalling of resources to meet exigent time constraints . . . ." (internal quotation marks omitted)); *De La Paz v. Rubin & Rothman, LLC*, No. 11 Civ. 9625, 2013 WL 6184425, at *5 (S.D.N.Y. Nov. 25, 2013) (determining a 30% markdown, equating to a rate of $300 per hour, necessary due to the "nature

of the case" because "[p]rior to the formal close of discovery, the parties submitted the proposed Settlement Agreement, the drafting of which did not, to the Court's knowledge, entail extensive research concerning novel issues of law."); *Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, No. 12 Civ. 5044, 2013 WL 3957742, at *3 (S.D.N.Y. Aug. 1, 2013) (finding $300 per hour as a reasonable rate for FDCPA case where offer of judgment was accepted early on by defendants); *Ryan v. Allied Interstate Inc.*, 882 F. Supp. 2d 628, 635 (S.D.N.Y. 2012) ("While higher hourly rates may be appropriate in hotly contested FDCPA cases, these two cases involved early settlements . . . ."). A rate of $350 is more in line with rates in this District for a FDCPA case. *See, e.g.*, *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09 Civ. 4602, 2013 WL 6508813, at *8 (S.D.N.Y. Dec. 12, 2013) (reducing the firm's founding lawyer's hourly rate from the requested $400 to $300); *Jara*, 2014 WL 4388515, at *7 (holding that in a FDCPA case, "[t]he rates of $300 per hour for a partner with seventeen years of experience . . . sought by plaintiff appear to be reasonable."); *O'Toole v. Allied Interstate, Inc.*, No. 12 Civ. 4942, 2012 WL 6197086, at *1 (S.D.N.Y. Dec. 12, 2012) ("Courts in this district generally approve fees of $200-$325 per hour in FDCPA cases and reject fee requests over that amount.").

Plaintiff correctly notes that FDCPA cases often result in large disparities between the amount of recovery and attorneys' fees. *See, e.g.*, *In re Arbitration Between Okyere & Houslanger & Assocs.*, 2015 WL 4366865, at *25 (awarding $56,613.51 in attorneys' fees compared to $1,000 recovery); *Jara*, 2014 WL 4388515, at *10 (awarding $9,032.00 in attorneys' fees in relation to a $1,000 recovery). Despite these disparities, the partners' hourly rates in the cited cases were in the $300 to $350 per hour range. Plaintiff's counsel's hourly rate is reduced because the proposed hourly rate is too high, and not because Plaintiff's recovery is comparatively small. *See Douyon v. N.Y. Medical Health Care,* P.C., 49 F. Supp. 3d at 340, 347

4

(finding that "the applicable case law does not mandate that attorneys' fees be proportionate to the damages ultimately awarded to a client" but still reduced partners' hourly rate to $400, $325, and $350 for a FDCPA case).  Even with the hourly rate reduction, the attorneys' fees approved here are disproportionately larger than the recovery.

Plaintiff cites three relevant FDCPA cases[1] in support of the requested rate of $525.  *See Costa v. MCS Claim Servs.*, 15 Civ. 03520 (E.D.N.Y. Nov. 5, 2015) (awarding $6,419.08); *Nasir v. MCS Claim Servs.*, 15 Civ. 03541 (E.D.N.Y. Nov. 17, 2015) (awarding $9,068.55); *Duenas v. FMS Inc.*, 15 Civ. 03551 (E.D.N.Y. Nov. 16, 2015) (awarding $8,209.08).  However, all three cases resulted in a default judgment; no objections to the fees were filed; and the courts did not make further inquiry into the requested fee.  In contrast, in cases of default judgment where courts have inquired into the reasonableness of fees, the rate of $525 requested here exceeds rates that courts have deemed reasonable.  *See, e.g.*, *Jara*, 2014 WL 4388515, at *8 (concluding that "rates of $300 per hour for a partner with seventeen years of experience sought by plaintiff appear to be reasonable" for FDCPA case resulting in default judgment); *Dunn v. Advanced Credit Recovery Inc.*, No. 11 Civ. 4023, 2012 WL 676350, at *6 (S.D.N.Y. Mar. 1, 2012) (granting the plaintiff's motion for default judgment and finding the requested rate of $300 per hour reflects a reasonable rate for two lawyers respectively practicing 15 and 25 years in a FDCPA case); *Gonzalez v. Healthcare Recovery Mgmt. Inc.*, No. 13 Civ. 1002, 2013 WL 4851709, at *4-5 (E.D.N.Y. Sept. 10, 2013) (granting the motion for default judgment but finding a fee of $400 per hour for lead counsel unreasonable and reducing to $300).

---

[1] Plaintiff also cites *Cobb v. Malcom S. Gerald & Associates, Inc.*, 15 Civ. 08280 (N.D. Ill. Dec. 3, 2015), an Illinois decision not relevant to the discussion of attorney's fee awards in New York State.

5

Plaintiff argues that a rate of $525 is warranted in this case because the favorable outcome prevents Defendant from attempting to charge an unlawful fee to future customers. However, the case on which Plaintiff relies, *Dowling v. Kucker Kraus & Bruh, LLP*, is inapposite. In that case, counsel was responsible for changing the practices of an entire industry and not simply deterring the behavior of one defendant. *See* No. 99 Civ. 11958, 2005 WL 1337442, at *9 (S.D.N.Y. June 6, 2005) ("Plaintiffs are evidently responsible for changing the practice of the New York City landlord bar with respect to adherence to the FDCPA."); *see also Andrews v. City of N.Y.*, No. 14 Civ. 1721, 2015 WL 5773961, at *12 (E.D.N.Y. Sept. 29, 2015) ("Courts in this circuit will only enhance awards in cases that involve equitable funds and promote public policy objectives that are 'worthy of judicial encouragement.'" (quoting *Dubin v. E.F. Hutton Grp.*, 845 F. Supp. 1004, 1014 (S.D.N.Y. 1994))).

Counsel's requested $525 per hour rate is reduced to $350 per hour, which is at the higher end of approved rates in this District.

### B. Hours Expended on Administrative Tasks

Plaintiff's request to be compensated for 13.1 hours of partner time is reduced by 1.2 hours for administrative work, which should have been performed by paralegals or other administrative staff. Two partners at Barshay Sanders billed approximately 1.2 hours for creating initial documents including cover sheets, reviewing ECF bounces from case initiation, and calendaring the initial pretrial conference in the office calendar. This time is more appropriately billed at a rate of $100 per hour, which is in line with the billing rate for paralegals in FDCPA cases. *See Jara*, 2014 WL 4388515, at *8 ("[T]he rate of $90 per hour for a legal assistant is reasonable and consistent with the range of $75 to $100 per hour that is routinely accepted in this District."); *Dickey v. Allied Interstate, Inc.*, No. 12 Civ. 9359, 2013 WL

4399212, at *1 (S.D.N.Y. Aug. 1, 2013) (reducing the requested rate for a paralegal in a FDCPA action to $80 per hour); *Barile v. Allied Interstate, Inc.*, No. 12 Civ. 916, 2013 WL 795649, at *7 (S.D.N.Y. Jan. 30, 2013) (reducing paralegals' $165 and $155 hourly rates to $100 per hour); *O'Toole*, 2012 WL 6197086, at *1 (reducing paralegal hourly rate of $160 to $100 per hour); *Goode v. Vision Fin. Corp.*, No. 14 Civ. 4272, 2015 WL 4629249, at *5 (E.D.N.Y. May 7, 2015) (recommending that the hourly rate for a paralegal be reduced from $100 per hour to $80 per hour based, in part, on the straightforward nature of the case).

The remaining time expended on preparing the Complaint and the fee application are approved as reasonable.

### IV. CONCLUSION

Barshay Sanders is compensated at an hourly rate of $350 for 11.9 hours and $100 for 1.2 hours for a total of $4,285, and is reimbursed $496.58 for costs, amounting to a total award of $4,781.58.

Dated:  March 31, 2016
         New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**